UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JIMMY A. HOLLINS,
  Plaintiff,

vs.               07-4051

JUDGE LARRY VANDERSNICK, et al.
  Defendants.

### ORDER

  This cause is before the court for merit review of the plaintiff's complaint. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A

  The plaintiff, Jimmy Hollins, brings this action pursuant to 42 U.S.C.§1983 against four defendants including Fourteenth District State Court Judges Larry S. Vandersnick and Ted J. Hamer, Assistant States Attorney James Cosby, and Public Defendant Eugene Stockton.

  The plaintiff says Judge Vandersnick and Assistant States Attorney Cosby issued an arrest warrant for the plaintiff without probable cause for the offense of Unlawful Delivery of Controlled Substance near a school. The plaintiff says he was accused of taking part in a drug sale on February 9, 2007. The plaintiff says he was not there and did not take part in a drug sale.

  The plaintiff says Judge Hamer "wrongfully and intentionally" granted a motion filed by the states attorney to add an additional count against the plaintiff. The plaintiff says Public Defender Stockton did not object to this motion. The plaintiff says there was also no probable cause to support the charge of Unlawful Criminal Drug Conspiracy. The plaintiff says the charges were added at the beginning of his preliminary hearing on April 30, 2007. The plaintiff says a hearing on probable cause should have been held before the information was amended to add the new count.

  The plaintiff also states that due "to the sequence of events that has transpired, it is more than reasonable to believe that (the defendants) conspired" to deprive him of his constitutional rights. (Comp, p.12). The plaintiff is asking for compensatory and punitive damages. The court takes judicial notice that the Henry County criminal case based on the drug charges mentioned in the complaint is set for bench trial in November, 2007. *See People v. Hollins,* Case No. 07-cf-168.

  The plaintiff's §1983 lawsuit is similar in many ways to a lawsuit he filed approximately two months earlier in *Hollins v. Vandersnick,* Case No. 07-4037. Rather than file a motion to

1

reconsider or an appeal, the plaintiff chose to file a new complaint and motion to proceed in forma pauperis. The main difference in the two lawsuits is the plaintiff has added a defendant, Assistant States Attorney Cosby, and has clarified some of his claims.

As the court has previously explained to the plaintiff in his initial lawsuit, judges are entitled to absolute immunity as long as their acts are within their jurisdiction and performed in their judicial capacity. *Stump v. Sparkman*, 435 U.S. 349, 356-7 (1978). Judicial immunity applies, even when the action is alleged to have been in error, procedurally flawed, or with bad motive. *Id.* See also, *John v. Barron,* 897 F.2d. 1387, 1393 (7th Cir. 1990)(mere allegations of conspiracy insufficient to overcome judicial immunity). A judge's rulings during a hearing or issuing a warrant fit this criteria. Therefore, the plaintiff's claims against Judges Hammer and Vandersnick are dismissed for failure to state a claim upon which relief can be granted.

Prosecutors such as Assistant States Attorney Cosby are also immune when carrying out prosecutorial functions. *Imbler v. Pachtman*, 424 U.S. 409, 427-28(1979) (holding prosecutors have absolute immunity for activities that are "intimately associated " with the judicial process); *See also Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986) (absolute immunity shields prosecutor "even if he initiates charges maliciously, unreasonably, without probably cause, or even on the basis of false testimony or evidence.")

The plaintiff is aware of this prosecutorial immunity, but states that since Cosby "was acting as a complaining witness when swearing out the warrant," he was therefore not acting in his traditional function as a prosecutor. (Comp., p. 8) A prosecutor is absolutely immune from liability under §1983 for damages based on information contained in an arrest warrant for the documentation supporting a warrant unless the prosecutor actually "attested to the truth of those facts." *Scott v Hern,* 216 F.3d 897, 908 (10th Cir. 2000); *see also Kalina v. Fletcher,* 522 U.S. 118 (1997). At this stage of the proceedings, it is unclear what role the prosecutor played in obtaining the arrest warrant. However, the plaintiff's claims against Defendant Cosby are barred by *Heck v. Humphrey,* 512 U.S. 477 (1994).

The Supreme Court in *Heck* held that a suit that seeks to overturn a state sentence, or seeks a result that would invalidate a state sentence, requires the plaintiff to prove that the sentence has been declared invalid by a state tribunal authorized to make such a declaration. *Id.* at 486-87. The Seventh Circuit has also stated that *Heck* applies to pending criminal charges if the §1983 claim would imply the invalidity of an potential conviction. *Washington v. Summerville,* 127 F.3d 552, 556 (7th Cir. 1997). Therefore, a plaintiff could not file a lawsuit until the criminal charges were dismissed.

The court also recognizes that several courts have held that a claim of false or wrongful arrest arising out of the Fourth Amendment begins to accrue at the time of the arrest regardless of subsequent proceedings. *Copus v. City of Edgerton,* 151 F.3d 646, 648-49 (7th 1998). But this is not a rule to be applied in every case, and when the attack on the arrest would challenge the only evidence supporting a potential conviction, then the claim does not accrue until the charges have been dismissed. *Johnson v. Devan,* 2005 WL 693259 at 2 (7th Cir. March 18, 2005); *see*

*also Wiley v City of Chicago,* 361 F.3d 994 (7th Cir. 2004).  Such is the case before the court.

The plaintiff claims the prosecutor knew there was no probable cause for the warrant because the prosecutor knew the plaintiff could not have committed the alleged crimes.  The plaintiff says he was on parole at the time of the allegations and was forced to wear an ankle bracelet.  The plaintiff says he could not have been at the location alleged because there was no unauthorized movement detected from his ankle bracelet.   In addition, the plaintiff says even if he was there, no one saw an exchange of drugs or money so he could not be guilty.  A ruling that the prosecutor knew the plaintiff had not committed the alleged offense when he obtained the search warrant would obviously conflict with any future conviction.  The plaintiff's claims against the Defendant Cosby are therefore barred.

While public defenders such as Defendant Stockton are not entitled to absolute immunity, a public defender does not act under color of state law when performing the traditional  functions of counsel.  *Polk County v. Dodson*, 454 U.S. 312, 317 n.4 (1981).  Section 1983 requires a plaintiff to show "(1) an action taken under color of law (2) which violates his federal constitutional rights." *Cunningham v. Southlake Ctr fo Mental Health, Inc*, 924 F.2d 106, 107 (7th Cir. 1991).   However, the plaintiff has alleged that Defendant Stockton was involved in a conspiracy to deprive him of his constitutional rights.  An otherwise private person acts under color of state law when engaged in a conspiracy with state officials to deprive another of federal rights. *Dennis v. Sparks*, 449 U.S. 24 (1980).

The plaintiff has still failed to state a claim upon which relief can be granted because the filing of the additional charge did not violate the plaintiff's constitutional rights.   "A probable cause determination is not a constitutional prerequisite to filing of the information itself." *United States v. Birkenstock,* 823 F.2d 1026, 1030-31 (7th Cir. 1987).  In addition, Defendant Stockton could not have participated in a conspiracy since there was no deprivation of a constitutional right.

**IT IS THEREFORE ORDERED that:**

**1) The case is dismissed in its entirety pursuant to 28 U.S.C. §1915A for failure to state a claim.  The case is terminated without prejudice.**

**2) The plaintiff must still pay the full docketing fee of $350.00 even though his case has been dismissed.  The agency having custody of the Plaintiff is directed to remit the docketing fee of $350.00 from the plaintiff's prison trust fund account if such funds are available.  If the plaintiff does not have $350.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from the plaintiff's trust fund account to the clerk of court each time the plaintiff's account exceeds $10.00 until the statutory fee of $350.00 is paid in its entirety.  The filing fee collected shall not exceed the statutory filing fee of $350.00.**

**3) The plaintiff is ordered to notify the clerk of the court of a change of address and phone number within seven days of such change.**

**4) The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the Trust Fund Office.**

Entered this 22nd day of October, 2007.

s\Harold A. Baker

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE