E-FILED
Friday, 20 June, 2008  09:27:52 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JIMMY HOLLINS,
   Plaintiff,

vs.                                           No. 07-4051

LARRY VANDERSNICK, et.al.,
   Defendants.

ORDER

      This cause is before the court for consideration of the plaintiff's motion to reconsider. [d/e 7]   A post-judgment motion seeking substantive relief from a judgment must be made pursuant to either Rule 59 or Rule 60(b) of the Federal Rules of Civil Procedure.  The pro-se plaintiff's motion does not reference either rule.  Rule 59(e) motions to alter or amend the judgment must be filed within ten business days of the entry of judgment.  *Hope v. United States*, 43 F.3d 1140, 1143 (7th Cir. 1994), cert. denied, 115 S.Ct. 2558 (1995).   The plaintiff's motion appears to have been provided to prison officials on the tenth day.  Therefore, the court will interpret the plaintiff's motion as a motion pursuant to Rule 59(e)

      A Rule 59(e) motion "may only be granted if there has been a mistake of law or fact or new evidence has been discovered that is material and could not have been discovered previously."  *Figgie Int'l, Inc. v. Miller*, 966 F.2d 1178, 1180 (7th cir. 1992).

      The plaintiff has entitled his motion "Motion to Reconsider Judgement." [d/e 7] However, the issue raised by the plaintiff is not the court's October 22, 2007 order dismissing his case for failure to state a claim upon which relief could be granted.[1]   The plaintiff is objecting to the court's September 28, 2007 Text Order denying his motion to substitute judge. *See* September 28, 2007 Text Order.

      The plaintiff's motion stated that the court had dismissed a similar case he had filed, *Hollins v Vandersnick,* Case No. 07-4037.  The plaintiff stated that he "did not agree with Judge Baker's finding and conclusions concerning the case, and filed a complaint with the United States Court of Appeals." (Plain, Mot, p.1)   The plaintiff says therefore he believes

---

[1]The plaintiff's case was dismissed because the named defendants including judges, an assistant states attorney and a public defender were all entitled to immunity. *See* October 22, 2007 Court Order.

1

Judge Baker "is no longer a neutral and detached Judge." (Plain Mot, p. 1)   The court denied the plaintiff's motion stating that his disagreement with previous rulings was not an adequate reason for substitution. *See* October 22, 2007 Court Order.

The plaintiff now says the court was in error and should not have ruled on the motion to substitute judge.  Instead, the plaintiff says the motion should have been referred to another judge.  The plaintiff is incorrect.   28 U.S.C. §455 states that a judge shall "***disqualify himself*** in any proceeding in which his impartiality might be reasonably questioned." 28 U.S.C. §455(a).  In addition, a judge is not disqualified because he has presided over some other case involving the same party or closely-related facts. *Davis v Fendler,* 650 F.2d 1154 (9th Cir. 1981)   Finally, a "party cannot force disqualification by attacking the judge and then claiming that these attacks must have caused the judge to be biased against him."  13A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* §3542 at 577 (2nd ed. 1984).

The plaintiff has failed to show a mistake of law or fact.

**IT IS THEREFORE ORDERED that the plaintiff's motion to reconsider the court's order denying the motion to substitute judge is denied. [d/e 7].**

Entered this 20th day of June, 2008.


s\Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE